AWERKAMP & BONILLA, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Don Awerkamp (SBN 007572)
da@abdilaw.com
Ivelisse Bonilla, SBn 023594
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leticia Menchaca, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Pima Community College District, Lee Lambert, in his personal capacity and Zelema Harris, in her personal capacity. | **(Jury Trial Requested)** |
| Defendants. | |

For her Complaint, Plaintiff, Leticia Menchaca, alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff seeks damages arising from breach of contract, violation of her due process rights under 42 U.S.C. § 1983, employment discrimination on the basis of national origin, and retaliation for having opposed discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the Federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1343, because the claims arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

2. This Court has supplemental jurisdiction over all related claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all of the events giving rise to Plaintiff's claims occurred in this District, specifically in Pima County.

4. On June 6, 2014, Plaintiff filed a timely Notice of Claim of her state law claims.

5. Plaintiff filed a Charge of Discrimination with the Arizona Office of the Attorney General, Civil Rights Division ("ACRD"), alleging discrimination and retaliation on the basis of national origin, disability and retaliation on June 9, 2014.

6. Plaintiff's Charge of Discrimination was also filed with the U.S. Equal Employment Opportunity Commission ("EEOC").

7. On January 13, 2014, the EEOC issued Ms. Menchaca a Notice of Right to Sue.

**PARTIES**

8. Plaintiff, Leticia Menchaca, is, and at all relevant times has been, a resident of Pima County, Arizona.

9. Ms. Menchaca's national origin is Mexican.

10. Defendant, Pima Community College District ("PCC"), employed Ms. Menchaca in Pima County and it is a government community college, which has more than 15 employees affecting commerce so as to be an "employer" within the meaning of Title VII.

11.     Lee Lambert is the Chancellor of PCC and is being sued in his personal capacity for, under color of state law, depriving Ms. Menchaca of her constitutional right to due process.

12.     Zelema Harris was the Provost of PCC at the time she terminated Ms. Menchaca and is being sued in her personal capacity for, under color of state law, depriving Ms. Menchaca of her constitutional right to due process.

## STATEMENT OF FACTS

13.     PCC is a college serving the greater Tucson metropolitan area.

14.     Ms. Menchaca worked for PCC for thirty-five years.

15.     While working for PCC, Ms. Menchaca was promoted nine times based on her performance.

16.     Throughout her thirty-five years at PCC, Ms. Menchaca always received excellent reviews.

17.     In 2011, Ms. Menchaca was promoted to the position of Assistant Vice Chancellor of Student Development.

18.     Ms. Menchaca's supervisor in the position of Assistant Vice Chancellor was Provost Migler, who gave her very good evaluations and frequently told her she was doing a great job.

19.     Ms. Menchaca had a contract with PCC for the 2013/2014 academic year which provided for a property right to employment until June 30, 2014.

20.     In December of 2013, Provost Migler left PCC.

21.     In January of 2014, Zelema Harris became PCC's Interim Provost.

22.     On January 13, 2014, Provost Harris notified Ms. Menchaca that her contract would not be renewed for the 2014/2015 academic year.

23.     Provost Harris told Ms. Menchaca that she should retire.

24.     On January 14, 2014, Ms. Menchaca told a PCC Board Member, Marty Cortez, that her contract was not being renewed and that she felt the environment at PCC was not good for Mexicans.

25.     On January 15, 2014, Provost Harris called Ms. Menchaca to a meeting and told Ms. Menchaca that she had reliable sources telling her that Ms. Menchaca said that Provost Harris hates Mexicans.  Ms. Menchaca told Provost Harris that she had not said that, but Provost Harris demanded that Ms. Menchaca stop saying that Provost Harris hates Mexicans.

26.     On January 23, 2014, Ms. Menchaca was called to a meeting with PCC's General Counsel, Jeff Silvyn, Vice Chancellor of Human Resources, Mark Ziska, and Provost Harris.

27.     At the meeting on January 23, 2014, Ms. Menchaca was told that January 23, 2014, would be her last day of employment at PCC.

28.     Mr. Ziska told Ms. Menchaca that she should retire.

29.     Ms. Menchaca asked whether there were any performance issues and she was told that it was not about her performance.

30.     As she was leaving the meeting, Ms. Menchaca was handed a prepared form for her signature, by which she would agree to retire.

31.     When Ms. Menchaca returned to her office, her connection to the PCC server and access to her e-mails had been terminated.

32.     PCC terminated Ms. Menchaca before the end of her contract year without giving her the opportunity to be heard.

33.     The decision to terminate Ms. Menchaca was made by the then Provost Zelema Harris and Chancellor Lee Lambert.

34.     Prior to deciding to terminate Ms. Menchaca, Provost Zelema Harris and Chancellor Lee Lambert did not give Ms. Menchaca notice and an opportunity to be heard.

35.     PCC, Chancellor Lee Lambert and former Provost Zelema Harris deprived Ms. Menchaca of her constitutional right to continued employment without due process.

36.     PCC and Chancellor Lee Lambert have engaged and continue engaging in the pattern and practice of terminating employees before the end of their contracts without giving them notice and an opportunity to be heard, and before deciding to deprive the employees of their property interest in their employment.

37.     The termination of Ms. Menchaca by PCC, Chancellor Lee Lambert and Provost Zelema Harris before the end of her contract year and the deprivation of her constitutional right to due process was done recklessly and/or callously indifferently to her federally protected rights.

38.     Ms. Menchaca was terminated because of her national origin, Mexican, and in retaliation for opposing discrimination.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

39.     Ms. Menchaca had a contract for employment with PCC through June 30, 2014.

40.     PCC terminated Ms. Menchaca on January 23, 2014, before the end of her contract year and without giving her notice and an opportunity to be heard.

41.     PCC's termination of Ms. Menchaca before the end of her contract year constitutes a breach of the contract.

42.     Ms. Menchaca has suffered damages as a result of PCC's breach of her contract.

43.     Because this matter arises out of a contract, Ms. Menchaca is entitled to an award of attorneys' fees pursuant to A.R.S. § 12-341.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **SECOND CAUSE OF ACTION**

### **(Violation of Due Process Under 42 U.S.C. § 1983)**

44.     Ms. Menchaca had a contract for employment with PCC through June 30, 2014.

45.     Ms. Menchaca had a contract and property right to be employed by PCC through June 30, 2014.

46.     PCC terminated Ms. Menchaca before the end of her contract year and without giving her notice and an opportunity to be heard.

47.     PCC, Chancellor Lee Lambert and former Provost Zelema Harris deprived Ms. Menchaca of her constitutional right to continued employment without due process.

48.     PCC and Chancellor Lee Lambert have engaged and continue engaging in a pattern and practice of terminating employees before the end of their contracts without giving them notice and an opportunity to be heard depriving the employees of their constitutional right to due process.

49.     The termination of Ms. Menchaca by PCC, Chancellor Lee Lambert and Provost Zelema Harris before the end of their contract year and the deprivation of her constitutional right to due process was done recklessly and/or callously indifferently to her federally protected rights.

50.     The termination of Ms. Menchaca before the end of her contract year without the opportunity for her to be heard is a violation of her due process rights pursuant to 42 U.S.C. § 1983.

51.     Ms. Menchaca has suffered excessive damages, including punitive damages, as a result of PCC's violation of her due process rights.

**THIRD CAUSE OF ACTION**

**(Discrimination and Retaliation in Violation of Title VII)**

52.     PCC terminated Ms. Menchaca because of her national origin, Mexican, and in retaliation for her having opposed such discrimination.

53.     PCC discriminated against Ms. Menchaca because of her national origin.

54.     PCC's termination of Ms. Menchaca because of her national origin and in retaliation for having opposed discrimination is a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

55.     As a direct result of the conduct of PCC, Ms. Menchaca has suffered, and will continue to suffer, lost income, diminished earning capacity, reduced retirement benefits, emotional distress and punitive damages.

**REQUEST FOR JURY**

56.     Plaintiff requests a trial by jury to the fullest extent permitted by law.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff Leticia Menchaca requests judgment against Defendant PCC awarding her the following:

(a)     Compensatory damages for breach of contract;

(b)     Compensatory damages for damage to professional reputation, lost income, diminished earning capacity, lower retirement income, harm to reputation and emotional distress;

(c)     Punitive damages

(d)     Attorneys' fees and costs incurred in this lawsuit; and

(e)     Any other equitable relief this Court deems appropriate and just.

1    RESPECTFULLY SUBMITTED this 13th day of January, 2015.

2                                                         AWERKAMP & BONILLA, PLC

3

4                                                         By /s/ Ivelisse Bonilla
                                                                Don Awerkamp
5                                                               Ivelisse Bonilla
                                                                Shannon Giles
6                                                               *Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26